UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DENNIS HANSCOM, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NORDSEC LTD., NORDSEC B.V., NORDVPN S.A., NORD SECURITY INC., and TEFINCOM S.A. d/b/a NORDVPN, <br><br> Defendants. | **CASE NO. 3:24-CV-00277-KDB-DCK** |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), Defendants NordSec Ltd, NordSec B.V., Nordvpn S.A. ("Nord"), Nord Security Inc., and Tefincom S.A. move to dismiss Plaintiff's Complaint for lack of personal jurisdiction, lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted, on the following grounds:

1. Plaintiff lacks Article III standing for his claims under North Carolina's auto-renewal statute ("ARS") and unfair and deceptive trade practice act ("UDTPA"). The ARS concerns injury from unlawful automatic renewal of subscription services only. According to his allegations, Plaintiff canceled the automatic renewal for his subscription to Nord services long before the subscription was set to renew. Nord never charged Plaintiff for a renewal term, and Plaintiff never paid for one; indeed, he does not even allege such a payment. Thus, he has not alleged harm traceable to a violation of the ARS. Plaintiff's UDTPA claim relies on his ARS allegations. The Court should dismiss both claims under Rule 12(b)(1).

2. Because Plaintiff's subscription was never renewed, he cannot plausibly allege causation or injury under the ARS or UDTPA. Therefore, he also lacks standing under N.C. Gen. Stat. Chapter 75, and the Court should dismiss those claims for failure to state a claim under Rule 12(b)(6), as well.

3. Even if Plaintiff did have standing under Article III and Chapter 75, his ARS and UDTPA claims still fail under Rule 12(b)(6) because Nord complied with the ARS disclosure requirements, and Nord's cancellation process is not "deceptive" or "unfair."

4. The Court should dismiss Plaintiff's claims for conversion, unjust enrichment, and negligent misrepresentation under Rule 12(b)(6) because they are barred by the economic loss doctrine, and, separately, because Plaintiff has not alleged facts sufficient to state any of those claims.

5. Finally, the Court should dismiss NordSec Ltd, NordSec B.V., Nord Security Inc., and Tefincom S.A under Rule 12(b)(2) because they are foreign parties that did not direct any actions at North Carolina giving rise to Plaintiff's claims, and there is no personal jurisdiction over them on Plaintiff's cursorily pled alter ego theory.

Pursuant to LCvR 7.1 of the Rules of Practice and Procedure, Defendants have contemporaneously filed their Memorandum In Support Of Defendants' Motion To Dismiss. In support of the Motion, Defendants rely on the accompanying Memorandum and declarations; all of the pleadings and papers on file in this action; all matters of which this Court may take judicial notice; and any other materials that may be properly presented to the Court at or prior to the hearing on this Motion.

Defendants respectfully request that the Court grant this Motion and dismiss Plaintiff's Complaint with prejudice and without leave to amend.

Dated: July 3, 2024                    Respectfully submitted,

**MCGUIREWOODS LLP**

*/s/ Jodie Herrmann Lawson*
Jodie Herrmann Lawson
NC State Bar No. 42900
Jessica O'Brien
NC State Bar No. 56679
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2329
Facsimile: (704) 343-2300
jlawson@mcguirewoods.com
jobrien@mcguirewoods.com


**FENWICK & WEST, LLP**

Jedediah Wakefield
Ethan Thomas
Samuel Sahagian
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 650.938.5200
Email: jwakefield@fenwick.com
ethomas@fenwick.com
ssahagian@fenwick.com


Adam Gahtan
902 Broadway, 18th Floor
New York, NY 10010
Telephone: 212.430.2600
Facsimile: 650.938.5200
Email: agahtan@fenwick.com


*Counsel for Defendants Nordvpn S.A., Nord Security Inc., NordSec Ltd, NordSec B.V., and Tefincom S.A.*

## CERTIFICATE OF SERVICE

I certify that on July 3, 2024, I electronically filed Defendants' Motion to Dismiss Plaintiff's Complaint with the Clerk of Court using the CM/ECF system, which automatically provides electronic notice to all counsel of record.

*/s/ Jodie Herrmann Lawson*
Jodie Herrmann Lawson
NC State Bar No. 42900
*Counsel for Defendants Nordvpn S.A., Nord Security Inc., NordSec Ltd, NordSec B.V., and Tefincom S.A.*
