UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DENNIS HANSCOM, on behalf of himself
and all others similarly situated,

        Plaintiff,

vs.

NORDSEC LTD., NORDSEC B.V.,
NORDVPN S.A., NORD SECURITY INC.,
and TEFINCOM S.A. d/b/a NORDVPN,

        Defendants.

**CASE NO. 3:24-CV-00277-KDB-DCK**

### DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### INTRODUCTION

In connection with their concurrently filed Motion to Dismiss, Defendants Nordvpn S.A. ("Nord"), NordSec B.V., NordSec Ltd, Nord Security Inc., and Tefincom S.A. respectfully request that the Court incorporate or take judicial notice of the following exhibits, true and correct copies of which are attached to the concurrently filed Declaration of Samuel Sahagian:

- **Exhibit 1:** The Nord Terms of Service in force at the time Plaintiff subscribed for Nord's services, which were accessible online at https://my.nordaccount.com/legal/terms-of-service/ [https://archive.fo/8nx4S].

- **Exhibit 2:** The Nord Subscription Terms in force at the time Plaintiff subscribed for Nord's services, which were accessible online at https://my.nordaccount.com/legal/terms-of-service/subscription/ [https://archive.fo/nSxlg].

### ANALYSIS

On a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), courts need

"not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Accordingly, courts may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). The "general rule … 'in the event of a conflict between an attached exhibit and the allegations of a complaint,'" is that the "exhibit prevails." *Id*. at 165 (citing *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013)).

Rule 201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Nord Terms of Service and Subscription Terms in Exhibits 1 and 2 are integral to the Complaint. Plaintiff alleges violations of North Carolina's autorenewal statute and unfair and deceptive trade practices act and related causes of action. In support, he purports to describe Nord's enrollment process and its disclosures (or alleged lack thereof) about subscription autorenewal and cancellation. Compl. ¶¶ 43-57. The Complaint refers repeatedly to Nord's "terms," "terms and conditions," and "disclosures." *Id*. ¶¶ 5, 34, 43-52, 127-128, 129. Plaintiff does not dispute that the Terms of Service and Subscription Terms (in addition the privacy policy) comprise the contract that governs his use of the Nord services that he purchased. *See generally id*. In fact, he relies on two screenshots of Nord's checkout page that show a hyperlink to the Terms of Service. *Id*. ¶ 43 ("By submitting your information and continuing to purchase, you agree to our terms of service and privacy policy."). He alleges that these "terms" do not

"clearly and conspicuously" display the autorenewal and cancellation terms and that they are "deceptive." *Id*. ¶¶ 1, 4-5, 7, 46-47, 56, 71, 89-107, 126-127. But Plaintiff does not *attach* the Nord Terms of Service or Subscription Terms to his Complaint.

It is appropriate for the Court to consider accurate portrayals of these webpages, given that they are "integral" to, and "conflict" with the allegations of, the Complaint. *Goines*, 822 F.3d at 159, 166. By repeatedly referring to the alleged inadequacy of Nord's "terms" and including screenshots that clearly show the hyperlinked Terms of Service in the checkout page, Plaintiff has incorporated the Nord Terms of Service and Subscription Terms in his Complaint. *See id*. at 166 (*citing Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.") (internal marks omitted).

Exhibits 1 and 2 are appropriate for judicial notice even if the Court determines that they are not incorporated into the Complaint by reference. "A court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and "it is capable of accurate and ready determination." *Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (citing Fed. R. Evid. 201(b)). There is no reasonable dispute as to the authenticity of these Exhibits, given that they are printouts of publicly accessible webpages that were archived by an independent third party as they appeared at the time Plaintiff subscribed for Nord's services. In fact, the version of the Terms of Service applicable to Plaintiff is materially identical to Nord's current Terms of Service, available at https://my.nordaccount.com/legal/terms-of-service/. Courts regularly take judicial notice of webpages archived by third-party services, including archive.today. *See e.g.*,

*Kars 4 Kids Inc. v. Am. Can!*, No. 3:14-cv-7770-PGS-LHG, 2022 WL 2106495, at *3 (D.N.J. June 10, 2022) (taking judicial notice of US census webpage archived on archive.today), *vacated and remanded on other grounds*, *Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436 (3d Cir. 2024); *see also Erickson v. Nebraska Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015); *Pond Guy, Inc. v. Aquascape Designs, Inc.*, No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014); *Martins v. 3PD, Inc.*, No. 11-cv-11313, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013). The Court should take judicial notice of, and consider, Exhibits 1 and 2 for this reason as well.

## CONCLUSION

Defendants respectfully request that the Court take judicial notice of Exhibits 1 and 2 and consider those exhibits in connection with its concurrently filed Motion to Dismiss.

Dated: July 3, 2024                Respectfully submitted,

**MCGUIREWOODS LLP**

*/s/ Jodie Herrmann Lawson*
Jodie Herrmann Lawson
NC State Bar No. 42900
Jessica O'Brien
NC State Bar No. 56679
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2329
Facsimile: (704) 343-2300
jlawson@mcguirewoods.com
jobrien@mcguirewoods.com

**FENWICK & WEST, LLP**

Jedediah Wakefield
Ethan Thomas
Samuel Sahagian
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile: 650.938.5200
Email:  jwakefield@fenwick.com
ethomas@fenwick.com
ssahagian@fenwick.com

Adam Gahtan
902 Broadway, 18th Floor
New York, NY 10010
Telephone:  212.430.2600
Facsimile: 650.938.5200
Email:  agahtan@fenwick.com

*Counsel for Defendants Nordvpn S.A., Nord Security Inc., NordSec Ltd, NordSec B.V., and Tefincom S.A.*

## CERTIFICATE OF SERVICE

I certify that on July 3, 2024, I electronically filed this Defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Complaint with the Clerk of Court using the CM/ECF system, which automatically provides electronic notice to all counsel of record.

*/s/ Jodie Herrmann Lawson*
Jodie Herrmann Lawson
NC State Bar No. 42900
*Counsel for Defendants Nordvpn S.A., Nord Security Inc., NordSec Ltd, NordSec B.V., and Tefincom S.A.*